BRAD SIMON BABICH, ALSO KNOWN AS BRAD GENTRY AND ROBERT B. GENTRY, AND JAMES MERRITT JOHNSON, APPELLANTS, v. SHERIFF, LANDER COUNTY, NEVADA, RESPONDENT.

No. 7404

October 29, 1973                    514 P.2d 1293

[Rehearing denied November 15, 1973]

*Harry E. Claiborne,* of Las Vegas, for Appellant Babich.

*Douglas G. Crosby,* of Las Vegas, for Appellant Johnson.

*Robert List,* Attorney General, Carson City; and *T. David Horton,* District Attorney, Lander County, for Respondent.

## OPINION

*Per Curiam:*

After preliminary examination, a magistrate held appellants to stand trial for second degree arson (NRS 205.020), and burning insured property (NRS 205.030). Petitions for habeas relief challenged the sufficiency of the evidence to show probable cause, contending that the only direct evidence against appellants was that given by a federal narcotic agent who over objection, testified that one Fletcher, an admitted accomplice in the charged offense had told him, in February 1972, that appellants were involved in the charged crimes. The alleged offenses occurred in early August 1971, over seven months before the statement was given to the narcotic agent.

Respondent does not challenge the fact that Fletcher was an accomplice and agrees that the testimony of the narcotic agent was hearsay; however, it urges that such testimony was admissible under NRS 51.015 et seq., because Fletcher, the accomplice, was out of state and unavailable to testify. We need not decide whether the testimony of the narcotic agent was admissible because, even if we were to assume such testimony to be admissible, the record before us is barren of any other evidence to corroborate the testimony of the accomplice as required by NRS 175.291. See Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971). Excluding the incriminating statement of Fletcher as related by the narcotic agent, nothing in the record before us connects either appellant with the charged crimes.

Accordingly, we reverse the order of the trial court, and order appellants freed from custody unless, within fifteen days time, the state elects to bring new charges.